# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIGHTWELL DISPENSERS LIMITED, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DONGGUAN ISCE SANITARY WARE ) <br> INDUSTRIAL CO. LTD., *et al.*, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 17-cv-1783 (KBJ) |

## MEMORANDUM OPINION ADOPTING
## REPORT & RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Brightwell Dispensers Limited ("Plaintiff" or "Brightwell"), a product manufacturer with a principal place of business in the United Kingdom, brings this action against Defendant Dongguan ISCE Sanitary Ware Industrial Co., Ltd. ("Defendant" or "Dongguan"), a product manufacturer with a principal place of business in China, alleging patent and trademark infringement. (*See* Compl., ECF No. 1.) After Dongguan failed to respond to Brightwell's complaint, on May 24, 2018, Brightwell filed a Motion for Default Judgment; that same day, this Court referred this matter to a magistrate judge for full case management. (*See* Pl.'s Mot. for Default J, ECF No. 7; Min. Order of May 24, 2018.) On February 12, 2019, the assigned Magistrate Judge, Robin M. Meriweather, ordered Brightwell to show cause why its case should not be dismissed for lack of personal jurisdiction. (*See* Order to Show Cause, ECF No. 10, at 4.)

Brightwell filed its response to the order to show cause on March 8, 2019.  It asserts that the Court maintains both specific and general personal jurisdiction over Dongguan for several reasons.  (*See generally* Pl.'s Resp. to Order to Show Cause, ECF No. 11.)  Brightwell first argues that the Court has specific jurisdiction over Dongguan under the District of Columbia's long-arm statute, which grants jurisdiction over entities "'transacting any business' in the District of Columbia[,]" because Dongguan's fully interactive website is accessible to residents of the District of Columbia ("D.C."). (*Id.* at 2.)  Brightwell also argues that the Court has general jurisdiction because Dongguan's fully interactive website satisfies the due process requirement that a party have continuous and systematic contacts with the forum state.  (*See id.*)

Before this Court at present is the Report and Recommendation that Magistrate Judge Meriweather has filed regarding the Court's jurisdiction over this matter.  (*See* R. & R., ECF No. 12.)[1]  The Report and Recommendation reflects Magistrate Judge Meriweather's opinion that Brightwell has failed to demonstrate personal jurisdiction in this District.  (*See id.* at 1.)  Specifically, Magistrate Judge Meriweather finds that the Court lacks general jurisdiction because Brightwell, relying solely on the accessibility of Dongguan's website to D.C. residents, has not shown that Dongguan is "essentially at home" in D.C., as the Supreme Court's current jurisprudence requires.  (*See id.* at 6–8 (citing *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014)).)  Magistrate Judge Meriweather further explains that even under the D.C. Circuit cases on which Brightwell relies, which predate *Daimler*, Brightwell cannot establish general

---

[1] The Report and Recommendation, which is 17 pages long, is attached hereto as Appendix A.

2

jurisdiction because the mere existence of an interactive website that could be accessed by D.C. residents, without proof of online transactions made by D.C. residents, is insufficient under the D.C. Circuit's jurisprudence. (*See id.* at 7.)

Magistrate Judge Meriweather also finds that the Court lacks specific jurisdiction under D.C.'s long-arm statute, because Brightwell has not shown that Dongguan has actually transacted any business with D.C. residents. (*See id.* at 9.) Magistrate Judge Meriweather notes that Brightwell was able to allege such transactions with respect to other forums (namely, an infringing product sold in California); thus, omissions of similar facts with respect to D.C. are "particularly glaring." (*Id*. at 12.)

In addition to articulating these conclusions, Magistrate Judge Meriweather's Report and Recommendation also advises the parties that either party may file written objections to the Report and Recommendation, which must include the portions of the findings and recommendations to which each objection is made and the basis for each such objection. (*Id.* at 16–17.) The Report and Recommendation further advises the parties that failure to file timely objections may result in waiver of further review of the matters addressed in the Report and Recommendation. (*Id*. at 17.) Under this Court's local rules, any party who objects to a Report and Recommendation must file a written objection with the Clerk of the Court within 14 days of the party's receipt of the Report and Recommendation. LCvR 72.3(b). The due date for objections to be filed in the instant case has passed, and none have been filed.

This Court has reviewed Magistrate Judge Meriweather's report and agrees with her thorough analysis and conclusions. Thus, the Court will **ADOPT** the Report and

Recommendation in its entirety. Accordingly, Plaintiff's Motion for Default Judgment will be **DENIED**, and this case will be **DISMISSED**, for want of jurisdiction.

A separate Order accompanies this Memorandum Opinion.

DATE: December 20, 2019

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge